IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIE JEFFERSON,

    Plaintiff,

v.

L.C. WARD, *et al.*,

    Defendants.

OPINION AND ORDER

Case No. 15-cv-650-wmc

*Pro se* plaintiff Willie Jefferson, an inmate at Oxford Federal Correctional Institution ("FCI-Oxford"), is proceeding in this lawsuit against multiple FCI-Oxford employees on a claim under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb-1 ("RFRA") based on his alleged inability to pray in accordance with his Muslim faith. Before the court are plaintiff's motion for a preliminary injunction (dkt. #2), defendants' motion to dismiss (dkt. #30) and plaintiff's motion for leave to amend his complaint (dkt. #34). As explained below, plaintiff's motion for a preliminary injunction is moot because plaintiff no longer is in custody, the court will accept his motion to amend, and I am directing plaintiff to supplement his complaint to clarify whether he is seeking monetary damages from defendants and whether he wishes to continue to proceed as a class action. Once plaintiff responds, the court can set this matter for next steps.

ALLEGATIONS OF FACT[1]

During the relevant time period, plaintiff Willie Jefferson was confined at FCI-Oxford, but he was recently released from the Bureau of Prisons ("BOP") custody. Defendants, all sued in their official capacities, are employees of FCI Oxford: L.C. Ward, the warden; David B. Christensen, the camp administrator and administrative remedy coordinator; E. Harris, the associate warden of programs; and Ryan Willis, the Supervisory Chaplain at FCI Oxford.

Jefferson is a devout Muslim, and he prays five times a day at fixed times as mandated by his faith. FCI Oxford allegedly has an "informal, unwritten blanket ban" on prayer "other than the religious services area or living quarters," which excludes areas for work, education and recreation. Jefferson claims that these restrictions impede his ability to pray as necessary, either because the religious services area is often unavailable or his living quarters do not provide sufficient space for him to perform his prayers. Jefferson further claims that this policy imposes a substantial burden on his ability to practice his religion, and that other inmates suffer under the same burden.

OPINION

I. **Motion for Preliminary Injunction**

Plaintiff seeks an order stopping enforcement of the policy banning prayer outside the religious services area or living quarters. To prevail on a motion for a preliminary

---

[1] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the following facts based on the allegations in Jefferson's complaint.

2

injunction, a litigant must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss,* 498 F.3d 446, 451 (7th Cir. 2007).

However, plaintiff has been released from BOP custody and no longer subject to the harm that he wishes to enjoin. Accordingly, this motion is moot, so it requires no court action at this time. In the highly unlikely event that plaintiff is re-incarcerated at FCI-Oxford, he may renew his motion at that time.

II. **Motion to dismiss (dkt. #30) and for leave to amend (dkt. #34)**

Defendants seek dismissal of plaintiff's entire action pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that because plaintiff's complaint seeks only declaratory and injunctive relief against defendants, his claims -- construed both as an individual claim and a class claim -- are moot. In considering Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court may consider additional evidence submitted by the parties. *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009)("[T]he district court's ability to consider evidence beyond the pleadings derives from the importance of limiting federal jursidction.").

A. **Plaintiff's individual claims**

Defendants first point out that while the court's leave to proceed order recognized that plaintiff could pursue an individual capacity claim against defendants, plaintiff's complaint only requested injunctive and declaratory relief. Therefore, defendants argue

3

that because plaintiff is no longer located at FCI-Oxford, his claim is moot and must be dismissed. Plaintiff responded by seeking leave to amend his complaint and opposing the motion to dismiss.

As to the former request, plaintiff seeks to amend his complaint to proceed against the defendants in their official and individual capacities. Federal Rule of Civil Procedure 15(a) permits a party to amend pleadings as a matter of course within 21 days of service of a motion under Rule 12(b). Since plaintiff mailed his motion on November 18, 2017, less than 21 days after defendants served their motion to dismiss, plaintiff did not need to seek leave to amend. Therefore, the amendment to plaintiff's complaint is accepted. However, even construing plaintiff's claims as brought against defendants in their official and individual capacities, they remain subject to dismissal.

As an initial matter, plaintiff's individual requests for declaratory and injunctive relief are likely moot. Generally speaking, a prisoner's transfer to another facility moots a request for injunctive relief related to the conditions of confinement at that facility. *Pearson v. Welborn*, 471 F.3d 732, 743 (7th Cir. 2006) (holding that once a prisoner was transferred to another facility, his prayers for relief were moot). That said, a request for injunctive relief against officials at a facility where the plaintiff is no longer incarcerated *may* survive if the plaintiff alleges more than mere speculation of a transfer back to the facility, *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996), or if the plaintiff is challenging a policy also applicable at the facility to which plaintiff is transferred, *West v. Grams*, 607 F. App'x 561, 565 (7th Cir. 2015).

In October of 2017, when defendants filed this motion, plaintiff was housed at a halfway house in Florida and was scheduled to be released from home confinement in January of 2018. The publicly available Bureau of Prisons inmate locator confirms that Jefferson was, in fact, released on January 16, 2018. *See* https://.www.bop.gov/inmateloc/ (last visited Mar. 15, 2018). When plaintiff responded to defendants' motion in November of 2017, he did not dispute that he is no longer confined at FCI-Oxford, nor any other BOP facility. Instead, he argued, without citation or factual averments, that defendants have not established that he will not be transferred back to FCI-Oxford. Yet it is *plaintiff's* burden to demonstrate that he may be reincarcerated and placed at FCI-Oxford. Accordingly, as plaintiff's stated belief that he might be transferred back to FCI-Oxford is based purely on speculation, his request for declaratory and injunctive relief is subject to dismissal as moot.

Thus, the question becomes whether plaintiff's amendment to his complaint, which clarifies that he is proceeding against all defendants in their official *and individual* capacities, saves his claims from dismissal. Since plaintiff has not explicitly requested monetary damages from defendants -- in either his complaint or motion to amend -- the answer appears to be "No" because his only requested relief is no longer available to him. That said, perhaps plaintiff omitted monetary damages in his request for relief as an oversight, and his amendment is an attempt to assert that form of relief, both of which are understandable given his *pro se* status. If this is the case, then dismissal would be inappropriate because plaintiff may be entitled to monetary damages under the RFRA. *See Crowder v. Lariva*, No. 2:14-cv-202, 2016 WL 4733539, at *7 (S.D. Ind. Sept. 12, 2016)

5

(concluding that "RFRA does allow for the recovery of monetary damages against officers in their individual capacities"); *Rezaq v. Fed. Bureau of Prisons*, No. 13-cv-990, 2016 WL 97763 (S.D. Ill. Jan. 8, 2016) ("[T]here is no case law which bars a plaintiff with a Religious Free dome Restoration Act claim from seeking money damages against a defendant in his individual capacity."). While the court will not amend plaintiff's request for relief, it will give plaintiff two weeks to supplement his complaint to include monetary damages as an additional request for relief. If plaintiff fails to supplement his complaint, the court will likely grant defendants' motion as to his individual claim.

### B. Plaintiff's class claim

The court also must defer ruling on defendants' class claim argument until plaintiff clarifies whether he still wishes to pursue a class claim. Indeed, while defendants argue that plaintiff's putative class action claim is moot, plaintiff cites *Richardson v. Bledsoe*, 829 F.3d 273 (3d Cir. 2016), in which the Court of Appeals for the Third Circuit recognized a mootness exceptions in the context of a prisoner whose "claim for relief [was] acutely susceptible to mootness." *Id.* at 286. That court further acknowledged that this principle permits a plaintiff "to represent, or seek to represent, a class of similarly situated persons despite no longer having a justiciable claim for *individual* relief." *Id.* at 279 (citation omitted).

Defendants do not respond to this citation, nor do they front the possible application of other similar exceptions to the mootness doctrine, such as the "inherently transitory" exception to the mootness doctrine applied in somewhat analogous

6

circumstances by the Court of Appeals for the Seventh Circuit in *Olson v. Brown*, 594 F.3d 577 (7th Cir. 2010). In *Olson*, the court laid out the two main elements characterizing an "inherently transitory" claim: "(1) it is uncertain that a claim will remain live for any individual who could be named as a plaintiff long enough for a court to certify the class; and (2) there will be a constant class of persons suffering the deprivation complained of in the complaint." *Id.* at 579 (citing *Gerstein v. Pugh*, 420 U.S. 103, 110 n.1 (1975)). Ultimately the Seventh Circuit reversed the district court's conclusion that a case involving jail inmates was moot in light of plaintiff's transfer, concluding that the stipulated facts related to the length of any potential inmate's stay in the jail, as well as the likelihood of a "constant class of persons suffering the deprivation," established that the plaintiff's claim fell under the exception. *Id.* at 582-83.

Without opining whether plaintiff's scenario actually falls under either mootness exception described above, it is fair to point out that these exceptions complicate defendants' position. Normally the court would require further briefing and fact-finding, but it is unclear whether that is necessary at this juncture. Rather, given that plaintiff's release from prison occurred *after* he filed his opposition materials, we need to learn whether he still is interested in pursuing this matter on behalf of the putative class. Therefore, in addition to clarifying whether he is seeking monetary damages, plaintiff also must report whether he continues to pursue his class claim. Once the court learns plaintiff's intentions for this lawsuit, it can set it on course for next steps.

ORDER

IT IS ORDERED that:

1. Plaintiff Willie Jefferson's motion for a preliminary injunction (dkt. #2) has been mooted by his release from custody.

2. Plaintiff's motion to amend (dkt. #34) is accepted because it falls within the deadline for automatic amendement.

3. Plaintiff shall file a supplement to his complaint that clarifies whether (1) he is seeking monetary damages, and (2) wishes to pursue his class claim **NOT LATER THAN APRIL 2, 2018. If plaintiff does not file a supplement by this date, then the court will take defendants' motion to dismiss under advisement and likely dismiss this action.**

Entered this 19th day of March, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge