Case: 3:15-cv-00650-wmc   Document #: 48   Filed: 08/13/18   Page 1 of 2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIE JEFFERSON

        Plaintiff,

v.                                         Case No. 15-cv-650-wmc

L.C. WARD, ET EL,

        Defendants.

**DECLARATION OF E. "BUTCH" HARRIS**

I, E. "Butch" Harris, hereby declare and state the following:

1. I was an Associate Warden at the Federal Correctional Institution in Oxford, Wisconsin (FCI Oxford) from August 2013 until my retirement in June 2015. I worked for the Federal Bureau of Prisons (BOP) from 1991 until my retirement.

2. The plaintiff, former inmate Willie Jefferson, alleges that while I was Associate Warden of Programs at FCI Oxford, I violated his right to practice his religion under the Religious Freedom Restoration Act (RFRA) by imposing an "informal, unwritten blanket ban" on prayer in the institution other than in the religious services area and living quarters. He claims that because the religious services area was often unavailable and his living quarters were too small for him to pray, I imposed a substantial burden on his ability to practice his religion.

3. While I was the Associate Warden at FCI Oxford, the Religious Services department fell under my supervision. I approved the Religious Services program schedule including any special programs or activities as well any religious congregational activity held outside of the designated areas for religious services, but I was not directly involved in determining when or where individual inmates could or

could not pray. I deny I was aware of, or that I personally participated in the denial of any inmate's religious rights.

4.    I deny ever establishing or implementing an informal, unwritten practice or policy concerning when or where inmates could or could not pray. If an issue arose regarding an inmate's practice of his religion, I would refer the issue to the Supervisory Chaplain to address because he would have been the subject matter expert. My involvement would have been limited to seeking reassurance we were following BOP policy and not infringing on the statutory or constitutional rights of an inmate.

5.    Concerning Jefferson's allegation that the rated capacity and total capacity for FCI/FPC-Oxford were incorrectly calculated for purposes of BOP Program Statement 1060.11, Section 7.c(4)(b), I had no personal or direct involvement in making the calculations, and I have no knowledge of any miscalculations.

I declare under penalty of perjury in accordance with the provisions of 18 U.S.C. § 1746 that the foregoing is true and correct.

E. (Butch) Harris
Associate Warden (retired)
FCI Oxford